UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SOUTHEAST FINANCIAL CREDIT UNION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01507-LJM-TAB |
| ) | |
| THE COLLEGE NETWORK, INC., ) | |
| MARK IVORY individually and as an officer ) | |
| of THE COLLEGE NETWORK, ) | |
| GARY L. EYLER individually and as an ) | |
| officer of THE COLLEGE NETWORK, ) | |
| ETEST OUT LEARNING SYSTEMS, LLC ) | |
| doing business as GLOBAL LEARN, ) | |
| CAREER LEARNING & ACADEMIC ) | |
| SUPPORT SERVICES, LLC also known as ) | |
| CLASS, ) | |
| GARY FAIR individually and his capacity as ) | |
| an officer and director of Global and CLASS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| WE FLORIDA FINANCIAL, ) | |
| ) | |
| Intervenor. ) | |

**DISCOVERY ORDER**

Plaintiff Southeast Financial Credit Union asks the Court to order Defendants Global Learn and Career Learning & Academic Support Services, LLC to supplement certain discovery requests.[1] The Court agrees that Global and CLASS must make some supplementation, but not as extensively as SFCU seeks.

---

[1] This order discusses the individual discovery requests to Global and CLASS as one despite the fact that each party was served with individual requests. Global and CLASS's shared counsel responded to SFCU's brief on behalf of both parties jointly and represents to the Court that SFCU's discovery requests to Global and CLASS are nearly identical.

The discovery at issue was conducted pursuant to the Court's scheduling order [Filing No. 30] authorizing expedited discovery in advance of the hearing on SFCU's motions for preliminary injunction and appointment of receiver for the purpose of gathering information related to those motions. Since engaging in this expedited discovery, the parties contacted the Court with a related dispute and the Court held a status conference on January 7, 2016. The Court discussed the dispute and ultimately directed SFCU, Global, and CLASS to submit letter briefs, which were then received.

In its brief, SFCU asks the Court to order Global and CLASS to make supplemental responses to their document request numbers 2, 3, 5, and 10, as well as interrogatory number 5. Global and CLASS only respond to SFCU's requests for document request numbers 3 and 5, and interrogatory number 5. Thus, it appears Global and CLASS concede to supplementing document request numbers 2 and 10 as requested by SFCU. The remaining requests for supplementation are discussed below.

A district court has broad discretion in deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014). Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make the existence of a fact of consequence to the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Factors bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A party may seek an

order compelling discovery when another party fails to respond to requests. Fed. R. Civ. P. 37(a). The party objecting to discovery requests bears the burden of showing that each request is improper. *Deere v. Am. Water Works. Co.*, 306 F.R.D. 208, 215 (S.D. Ind. 2015).

## A.     Document Request Number 3

SFCU's document request number 3 seeks financial documents from Global and CLASS. Global and CLASS responded by producing profit and loss statements and balance sheets. SFCU now asks the Court to order Global and CLASS to supplement their response by producing "bank account records and information." Global and CLASS contend that this request is neither relevant nor proportional to the limited purposes of seeking injunctive relief or appointing a receiver.

As the objecting party, Global and CLASS have the burden of showing that SFCU's request is improper. However, they essentially attempt to shift the burden to SFCU by arguing that SFCU does not specify how Defendant The College Network, Inc.'s insolvency is relevant to the injunction and receivership motions. On the other hand, SFCU explains that bank account records are relevant because they will have a tendency to make SFCU's allegation that TCN was insolvent leading up to its agreement with SFCU more or less probable. SFCU also explains that the time frame of bank account records it requested is proportional because it is limited to records from the summer of 2015 until the present.

Bank account records must be produced by Global and CLASS because they do not demonstrate why the request is improper. Moreover, the burden of producing these few documents does not outweigh the benefit of gathering information on TCN's insolvency. The Court agrees with SFCU that bank account records are relevant and proportional to the expedited discovery related to seeking a preliminary injunction and appointment of receiver.

Global and CLASS also take issue with SFCU's unspecified request for "information." Indeed it is unclear what other "information" SFCU wants this Court to compel. SFCU does not provide an explanation. Accordingly, the Court will not compel Global and CLASS to produce anything other than bank account records.

**B.     Document Request Number 5**

SFCU's document request number 5 seeks documents from Global and CLASS concerning the transfer of the Portal by TCN.[2] Global and CLASS responded by producing the asset purchase agreement between TCN and Global and the shared access agreement between TCN and CLASS. SFCU now asks the Court to order Global and CLASS to supplement their response by producing "other documents requested." In particular, SFCU seeks a "Shared Services Agreement" and agreements with TCN's technology resources. Global and CLASS contend that they have searched but these documents cannot be found or do not exist.

The original responses to request number 5 from December 2015 by Global and CLASS only refer to page ranges of bates stamped documents. However, the Court notes that it ordered Global and CLASS to supplement their responses to request number 5 in January 2016. [Filing No. 68.] Global and CLASS made supplemental responses the following week. CLASS's response again simply refers to a range of pages, which is not helpful for review. Global also refers to a range of pages, but provides a brief description. Global appears to have produced an asset purchase agreement and emails located with search terms "Portal," "SFCU," "Southeast Financial Credit Union," and "online customer platform."

---

[2] The "Portal" is an asset of TCN and the subject of SFCU's motion for preliminary injunction and motion to appoint a receiver. In these motions, SFCU generally describes the Portal as TCN's online system that customers use to access information, such as loan records, educational materials, and documents.

SFCU requests "all documents concerning the sale, license, transfer, or other assignment of the Portal by TCN, including, but not limited to … [a]ny purchase/sale agreements (e.g., asset, stock, etc.) and supporting documents." Based on Global's description, this appears to have been at least somewhat produced. However, SFCU points out two items it is aware of and asks the Court to have Global and CLASS produce these documents. First, SFCU wants "the Shared Services Agreement between Global and CLASS." Second, SFCU wants "various agreements with the Technology Resources partners for data management." Although Global and CLASS assert that these items cannot be found or do not exist, SFCU provides two pages of discovery records that support its assertion that such documents do exist. One page explains that "CLASS will use the intellectual property of Global Learn to provide academic support to TCN's existing customers." The other page discusses a number of TCN's technology resources and "grants CLASS … access to the Database, the Portal, the Repository, the Chat, the Exam Host, the Proctor, and the Transcripts." Based on these documents, Global and CLASS are likely to have some form of a "Shared Services Agreement" and CLASS is likely to have some form of agreement with TCN's technology resources. Global and CLASS do not disagree that these documents are relevant and proportional, or that they relate to the sale, license, transfer, or other assignment of the Portal by TCN. While the Court will not order parties to produce documents that do not exist, Global and CLASS have an active obligation "to attempt to find the documents or replicate them." *Delyon v. Wal-Mart Stores, Inc.*, No. 07-C-291-C, 2007 WL 5414905, at *2 (W.D. Wis. Nov. 16, 2007). Global and CLASS must revitalize their efforts to find these documents. Thus, Global and CLASS are required to either produce these documents or file with the Court, subject to Rule 11, a detailed account of all steps taken to find responsive documents.

C.  **Interrogatory Number 5**

SFCU's interrogatory number 5 asks Global and CLASS about conversations and meetings their representatives had with anyone regarding the transfer of the Portal.  SFCU asks the Court to order Global and CLASS to supplement their response by producing "emails using supplemental search terms, as agreed; official meetings/minutes of Global/Class board of directors, members, managers, etc."  Global and CLASS point out that many of these email conversations were produced in connection with production request number 5.

Global and CLASS challenge SFCU's interrogatory on proportionality grounds.  According to Global and CLASS, applying SFCU's additional search terms "results in 79% of all of the companies [sic] emails being returned as positive results for the at issue search terms."  The proportionality factors weigh in favor of Global and CLASS.  Certainly the transfer of the portal is important to the issues at stake in the action, but the parties are currently performing only limited expedited discovery.  Neither party points out how these emails relate to the amount in controversy, and although Global and CLASS have access to these emails, producing 79% of all their emails would no doubt consume significant resources.  SFCU does not explain how this information is relevant to a preliminary injunction or receivership or how it would resolve any of the issues related to those motions.  The burden of producing such a large amount of emails significantly outweighs its likely benefit at this stage.  The Court previously sustained Global and CLASS's objection that this interrogatory is overbroad.  [Filing No. 68.]  In keeping with this approach, the Court now finds that requiring Global and CLASS to supplement their responses is not proportional.

Accordingly, Global and CLASS must supplement their responses to SFCU's request for production of documents, but not interrogatories.  Global and CLASS must supplement

6

document request numbers 2 and 10 as requested by SFCU.  Global and CLASS must supplement document request number 3 by producing bank account records from the summer of 2015 until the present.  Global and CLASS must supplement document request number 5 by producing a "Shared Services Agreement" and CLASS must produce agreements with TCN's technology resources. If Global and CLASS are still unable to supplement document request number 5, Global and CLASS must file a detailed account of all steps taken to find responsive documents within fourteen days.

Date: 3/15/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Copies to be distributed to
all counsel of record through
the Court's electronic filing system.